**In re QUEEN CITY GRAIN,
INC., Debtor.**

**Bankruptcy No. 1–82–01273.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Dec. 13, 1982.

Jeffrey Marks, Steve Williams, William H. Eder, Jr., Charles M. Meyer, Cincinnati, Ohio, for debtor.

BURTON PERLMAN, Bankruptcy Judge.

Before this case was filed, debtor was represented by Charles M. Meyer, Esq. a member of the firm of Santen, Santen and Hughes, Co. L.P.A. William H. Eder, Jr., Esq. was elected trustee for the debtor. The trustee earlier in this case filed an application to require that debtor's counsel turn over to the trustee his legal files. We granted the relief sought with respect to pre-filing documents.

The present application seeks relief directed at Mr. Meyer which goes a step further. That is, here the trustee seeks an order prohibiting Meyer from discussing the contents of those files with any person without the consent of the trustee. The concern of the trustee arises because the files in question include information concerning various transactions between debtor and another entity which information might be used adversely to the interest of the trustee. ·Trustee says that Meyer is also counsel to such adverse interests.

At the time that the present application was filed we granted a temporary order restraining Meyer from discussing or disclosing the contents of his legal files until our final determination upon this application. In such order we stated the following:

"At the hearing, we will expect the record to reveal with specificity the pertinent facts. Among these will be the identity of the parties represented by counsel; the dates of representation, and whether still continuing; the relationship of any individuals involved and their relationships to any involved corporation, as well as the dates of such relationship. The foregoing is not meant to be an exclusive itemization of facts which ought to be in the record."

The matter came on for hearing. Notwithstanding the above quoted express admonition, trustee presented no testimony or other evidence whatever to support his position. Mr. Meyer was also present and made a professional statement that he represented and continued to represent the debtor. At the conclusion of the hearing we reserved decision.

Trustee asks us on this application to infer, notwithstanding Mr. Meyer's statement, that Meyer does not represent the debtor corporation, but in fact is representing the individuals who control or are influential in the affairs of the debtor. We decline to make this inference in the absence of a factual record. The record before us, then, contains only Mr. Meyer's statement that he represents the debtor.

Since the trustee is the one seeking relief, he has the burden of establishing his en-

titlement to the relief sought. He has failed to carry that burden since, so far as this record is concerned, Mr. Meyer is the attorney for debtor. There is no reason presented to us why he should not be able to engage in the normal intercourse between an attorney and the individuals active in his corporate client.

Trustee's motion is denied. The stay contained in our Order entered October 13, 1982 is vacated.

SO ORDERED.